UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:14-cr-00194-APG-NJK |
| vs. | ORDER DENYING MOTION FOR EARLY DISCLOSURE OF JENCKS ACT MATERIAL |
| GLEN COBB, et al., | |
| Defendants. | (Docket No. 43) |

Pending before the Court is the motion for early disclosure of Jencks Act material filed by Defendants Glen Cobb, Charles Cobb, Anna Cobb and Monica Namnard. Docket No. 43. The Court has considered Defendants' motion, the United States' response, and Defendants' reply. Docket Nos. 43, 69, 82. For the reasons discussed below, the Court hereby **DENIES** the motion for early disclosure of Jencks Act material.

**I.    BACKGROUND**

On July 11, 2014, Defendants filed their motion for early disclosure of Jencks Act material. Docket No. 43. They ask the Court to compel the United States to produce all Jencks Act material no later than two weeks prior to trial. *Id*., at 2.[1]  In support of their motion, Defendants make bare allegations that strict application of the Jencks Act violates certain constitutional guarantees. *Id*., at 2-3. Additionally,

---

[1] Trial is currently set for September 16, 2014.  Docket No. 79.

Defendants state that early production of Jencks Act material is necessary where the amount of such material is of large volume, but do not allege anything regarding the amount of Jencks Act material in the instant case. *Id*., at 3. Defendants further ask that, if their motion is denied, the Court order the production of Jencks Act material outside the presence of the jury. *Id*., at 3-4.

On July 28, 2014, the United States responded to Defendants' motion for early production of Jencks Act material. Docket No. 69. The United States represents that, although both the Jencks Act and Fed.R.Crim.P. 26.2 do not require production of Jencks Act material until after a witness has testified, the United States has nonetheless agreed to produce said material no later than five days before trial. *Id*., at 2. *See also* Docket No. 61. Additionally, the United States submits that it has already produced to Defendants all Jencks Act material in its possession. *Id*.

In reply, Defendants do not dispute the United States' representation regarding the material already provided; however, they state that this matter involves "terabytes [sic] of discovery... and [counsel] are counsel for all four Defendants."[2] Docket No. 82, at 1-2. Defendants state that, because of the large amount of discovery, the fact that all four Defendants have the same counsel, and the complexity of the charges in the case, the Court should require the United States to produce any additional Jencks Act material no later than 14 days before the commencement of trial. *Id*., at 2.

## II. ANALYSIS

Title 18, United States Code, Section 3500, commonly known as the Jencks Act, provides, in relevant part:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.
>
> (b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement ... of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the

---

[2] Defendants argue that their motion should be granted because defense counsel represents all four defendants in the case for the first time in reply. *See, e.g., Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court has discretion to ignore new arguments raised in reply brief). The Court has, nonetheless, considered this argument in deciding Defendants' motion.

subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

. . .

(e) The term "statement" ... in relation to any witness called by the United States, means -

    (1) a written statement made by said witness and signed or otherwise adopted or approved by him;

    (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or

    (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

18 U.S.C. § 3500. Additionally, Federal Rule of Criminal Procedure 26.2 provides, in relevant part:

a) Motion to Produce. After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony.

(b) Producing the Entire Statement. If the entire statement relates to the subject matter of the witness's testimony, the court must order that the statement be delivered to the moving party.

. . .

(f) "Statement" Defined. As used in this rule, a witness's "statement" means:

    (1) a written statement that the witness makes and signs, or otherwise adopts or approves;

    (2) a substantially verbatim, contemporaneously recorded recital of the witness's oral statement that is contained in any recording or any transcription of a recording; or

    (3) the witness's statement to a grand jury, however taken or recorded, or a transcription of such a statement.

Fed.R.Crim.P. 26.2.

    The United States is not required to produce Jencks Act material until after a witness has testified on direct examination. 18 U.S.C. § 3500; Fed.R.Crim.P. 26.2. Although Defendants acknowledge this fact, they ask the Court to require the United States to provide all Jencks Act material 14 days prior to trial. *See* Docket No. 43; Docket No. 82. Defendants have not submitted authority that any of these allegations rise to the level that the Court should require early disclosure of Jencks Act material, and they provide no

reason for their requested requirement of 14 days. *Id*. Nonetheless, the United States represents that it has already turned over all Jencks Act material in its possession, and has bound itself to turn over any other Jencks Act material that comes into its possession no later than five days prior to the commencement of trial. Docket No. 69, at 2-3. The Court finds that the United States' position on Jencks Act material is reasonable, exceeds the requirement of the applicable statute and rule, provides for full and fair cross-examinations, allows for a fair trial and effective assistance of counsel, and addresses each of the concerns raised by Defendants.

Accordingly,

Defendants' motion for early disclosure of Jencks Act material, Docket No. 43, is hereby **DENIED**.

IT IS SO ORDERED.

DATED: August 7, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge