UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GLENN COBB, et al,<br><br>Defendants. | 2:14-cr-00194-APG-NJK<br><br>**O R D E R** |

Pending before the Court is the motion for Motion for Rule 12 Designation filed by Defendants Glen Cobb, Charles Cobb, Anna Cobb and Monica Namnard. Docket No. 39. The Court has considered Defendants' motion, the United States' response, Defendants' reply, and the United States' sur-reply.[1] Docket Nos. 39, 72, 84, 89. The Court finds that this motion is properly resolved without oral argument. *See* Local Rule 78-2. For the reasons discussed below, the Court hereby **DENIES** the motion for Rule 12 Designation.

## DISCUSSION

On July 11, 2014, Defendants filed their motion for Rule 12 Designation. Docket No. 39. Defendants ask this Court for an order directing the United States to designate evidence to be used in the Government's case in chief that is discoverable. *Id.,* at 1.

On July 25, 2014, after conferring with Defendants' counsel, the United States filed its Disclosure Statement, which sets forth the United States' position regarding discovery it agrees to provide. Docket No. 61. On July 28, 2014, the United States responded to Defendants'

---

[1] The United States requests leave of court to file its sur-reply to address allegations regarding the status of discovery made by Defendants in their reply. Docket No. 89 at 2. The Court grants leave and allows the filing of the sur-reply as to the instant motion.

1  motion for Rule 12 Designation. Docket No. 72. In its response, the United States represents
2  that its Government Disclosure Statement makes a Rule 12 Designation unnecessary. *Id.,* at 3.
3  The United States also submits that it has provided all discovery in its possession to Defendants,
4  and will continue to comply with its discovery obligations. *Id.,* at 3-4.

5  In reply, Defendants request, without any support or authority, a Rule 12(b) Designation
6  no later than 14 days before the start of trial "[d]ue to the volume of discovery . . . and the fact
7  that [counsel] represents and must prepare defenses for all four defendants in the matter."
8  Docket No. 84 at 2-3. Defendants allege that certain items have not been turned over in
9  discovery. *Id.,* at 2. In its sur-reply, the United States submits that the items alleged have, in
10 fact, been produced to Defendants and lists the dates on which each item was produced or made
11 available. Docket No. 89 at 2-4. The United States further submits that, at this time, it does not
12 intend to use any of those specific items at trial. *Id.,* at 4.

13 Federal Rule of Criminal Procedure Rule 12(b), provides, in relevant part:

> At the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed.R.Crim.P. 12(b)(4)(B). The Court finds, based on the facts and arguments presented by both sides, that the time for designation provided in the Government Disclosure Statement is sufficient.

## CONCLUSION

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Defendant's Motion for Rule 12 Designation (Docket No. 39) is **DENIED**.

DATED: August 15, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

- 2 -