1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                         DISTRICT OF NEVADA

7                               * * *

8   UNITED STATES OF AMERICA,              )
                                           )
9              Plaintiff,                   )      Case No. 2:14-cr-00194-APG-NJK
                                           )
10  vs.                                     )      ORDER DENYING MOTION FOR
                                           )      TRANSCRIPTION OF GRAND
11  GLEN COBB, et al.,                      )      JURY MINUTES
                                           )
12             Defendants.                  )      (Docket No. 101)
                                           )
13  _____

14         Pending before the Court is the motion for transcription of grand jury minutes filed by

15  Defendants Glen Cobb, Charles Cobb, Anna Cobb and Monica Namnard.  Docket No. 101.  The

16  Court has considered Defendants' motion, the United States' response and Defendants' reply.

17  Docket Nos. 101, 109, 114.  For the reasons discussed below, the Court hereby **DENIES**

18  Defendants' motion.

19         On August 15, 2014, Defendants filed their motion for transcription of grand jury minutes.

20  Docket No. 101.  Defendants ask the Court to order the United States to immediately produce

21  transcripts of all grand jury proceedings.  *Id*., at 2.[1]  Defendants claim that the United States may

22  have engaged in outrageous government conduct in its presentation to the grand jury, and that

23  Defendants need all transcripts of the grand jury proceedings in the instant case in order to make a

24  determination as to whether and, if so, to what extent the United States engaged in such outrageous

25  conduct.  *Id*., at 2-3.  Alternatively, Defendants ask the Court to order that the transcribed minutes

26  and proceedings before the grand jury be made available at the time of trial so that the Court "may

27

28
   _____
         [1]A federal grand jury sitting in Las Vegas, Nevada issued an indictment against Defendants
   on June 3, 2014.  Docket No. 1.

1   determine Defendants' right of inspection and use pursuant to 18 U.S.C. [§] 3500(e)(3)." *Id*., at 3.[2]

2   Finally, Defendants request the production of all grand jury transcripts of all witness who will testify

3   at trial, and request this production prior to trial. *Id*.[3]

4          In response, the United States submits that Defendants' allegation of potential outrageous

5   government conduct relates only to the forfeiture allegation, and not to the substantive charges of

6   the indictment, and that Defendants have not presented authority in support of their position. Docket

7   No. 109, at 3. The United States further contends that an alleged instance of grand jury misconduct

8   only constitutes the particularized need required by the caselaw if the claimed misconduct would

9   compel the "drastic and disfavored" remedy of dismissal of the indictment. *Id.* (internal citations

10  omitted). The United States submits that Defendants' contention that the United States had agreed

11  that the full amount of the  funds were not the proceeds of illegal activity (Docket No. 101, at 2)

12  belies the facts, as the United States filed a sealed notice in a related civil matter on June 23, 2014,

13  "repudiating any such position and explaining that the government viewed the funds in question as

14  illegal proceeds." Docket No. 109, at 3; Docket No. 110. Finally, the United States agrees that

15  grand jury transcripts constitute Jencks Act material, but that the Jencks Act only applies if the

16  witness or witnesses who testified in the grand jury testify at trial. Docket No. 109, at 4. The United

17  States represents that it does not anticipate that any grand jury witnesses will testify at trial and,

18  therefore, it does not intend to produce grand jury transcripts to Defendants. *Id*. If the United States

19  later determines that a grand jury witness will testify at trial, it submits that it will produce the

20

21  [2]18 U.S.C. § 3500(e)(3) defines the term "statement" as it is used in subsections (b), (c) and (d) of §3500 in relation to any witness called to testify at trial in a criminal prosecution brought by

22  the United States, as "a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury." 18 U.S.C. § 3500(e)(3). This subsection does not discuss any sort of inspection by Defendants. It appears to the Court as if Defendants, instead, meant to cite 18

23  U.S.C. § 3500(c).

24          [3]Defendants state, without elaboration, that they base their request for transcripts on Title 18, United States Code, Section 3500 (the Jencks Act), which requires the production of grand jury

25  testimony "when a witness has testified before the Grand Jury and then testifies at trial." Docket No. 101, at 3. Defendants state that they "also rely upon *Dennis v. United States*, 384 U.S. 855 (1966);

26  *United States v. Youngblood*, 379 F.2d 365 (2nd Cir. 1967); and *Brady v. Maryland*, 373 U.S. 83 (1963)." *Id*. Defendants do not state whether they rely on the Jencks Act and the cited cases for their

27  main request, regarding a potential motion to dismiss the indictment, or their alternative requests; however, it appears that their reliance relates to the alternative requests. Defendants cite no authority

28  to support their request for production of transcripts prior to trial. *Id*.

1    transcript "consistent with the Jencks Act, applicable case law, and the government's disclosure

2    statement."[4]  *Id*.

3           In reply, Defendants submit that the United States responded solely to their Jencks Act

4    argument and represents that none of the grand jury witnesses will testify at trial.  Docket No. 114,

5    at 2.[5]  Defendants rebut the United States' contention that they cited no authority in support of their

6    requests for grand jury transcripts, claiming that they requested them pursuant to *Brady v. Maryland*,

7    373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972).[6]  Defendants contend that the

8    grand jury testimony may include impeachment issues for the witnesses who testify at trial, whether

9    or not the grand jury witnesses are called to testify.  Docket No.114, at 2.  Defendants contend that

10   the United States has failed to produce copies of eight separate items, and that Defendants are thus

11   still unable to obtain exculpatory information from these items.  *Id*.[7]  Finally, Defendants do not

12   contest that the issue they raise deals with the forfeiture allegation.  Rather, they now submit that the

13   Court should order production of the grand jury transcripts because "the forfeiture allegation was

14   obtained ... after a judicial finding in a parallel civil proceeding calling into question the probable

15   cause to raid this entire trust."  *Id*., at 3.  Defendants reiterate that the grand jury transcripts "may"

16   indicate the United States engaged in conduct warranting dismissal of the indictment in this case.

17   *Id*.

18

19          [4]The government's disclosure statement provides that the United States will disclose "any
20   statements of witnesses under Title 18, United States Code, Section 3500" no later than five days
     before trial.  Docket No. 61, at 3.  The government's disclosure statement also provides that the
     United States will provide exculpatory information reasonably promptly upon its discovery, and that
21   the United States will provide impeachment information relating to government witnesses who
22   testify sufficiently in advance of the hearing or trial at which the witness will testify.  *Id*., at 2.

            [5]Defendants filed their reply on September 5, 2014, two days after the deadline.  *See* Docket
23   Nos. 109, 114.  Nonetheless, the Court considers it.

24          [6]Defendants did not, in fact, request the transcripts pursuant to *Giglio*.  Docket No. 101, at
     3.
25

            [7]Defendants' argument, which appears to be that an unrelated discovery dispute not currently
26   before the Court somehow implicates whether or not grand jury transcripts contain exculpatory
     information, is made for the first time in reply.  Issues raised for the first time in the reply brief are
27   waived.  *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990).  *See, e.g.*, *Zamani v. Carnes*,
     491 F.3d 990, 997 (9th Cir. 2007) (district court has discretion to ignore new arguments raised in
28   reply brief).  Even so, Defendants fail to cite any authority to support their argument.  *See* LCR 47-9.

1                                    **DISCUSSION**

2          The general rule of secrecy of grand jury proceedings is essential to the purpose of the grand

3    jury process. *United States v. Proctor and Gamble Co.*, 356 U.S. 677, 681 (1958).  The exceptions

4    to the general rule are few, as evidenced by Fed.R.Crim.P 6(e)(3).  Under Rule 6(e)(3)(E), "[t]he

5    court may authorize disclosure ... of a grand jury matter ... at the request of a defendant who shows

6    that a ground may exist to dismiss the indictment because of a matter that occurred before the grand

7    jury." Fed.R.Crim.P. 6(e)(3)(E)(ii).  The party seeking the disclosure must show a particularized and

8    compelling need for the disclosure that outweighs the policy of grand jury secrecy. *In re Grand Jury*

9    *Investigation*, 642 F.2d 1184, 1191 (9th Cir. 1981); *see also Dennis v. United States*, 384 U.S. 855,

10   870 (1996).  Unsubstantiated speculative assertions of improprieties do not supply the particular

11   need required to outweigh the policy of grand jury secrecy. *See, e.g., United States v. Ferreboeuf*,

12   632 F.2d 832, 835 (9th Cir. 1980) (citations omitted).

13         Defendants have not shown a particularized and compelling need for disclosure that would

14   outweigh the general policy of grand jury secrecy.  The only ground asserted by Defendants in their

15   motion itself is their contention that the United States conceded on two occasions that it overseized

16   funds from one of Defendants' trust accounts, and that the United States then represented to the

17   grand jury that all of the funds in the account were illegal proceeds.  Docket No. 101, at 2.

18   Defendants' contention, however, does not comport with the actual evidence in this case;

19   specifically, the United States' June 23, 2014, notice to the Court in a related matter that states that

20   the United States made a determination, after a hearing before the Court in May but prior to

21   presenting the case for indictment, that all of the funds in that particular account constituted illegal

22   proceeds. *See* Docket No. 110.[8]   In reply, Defendants acknowledge the notice filed by the United

23   States in the related civil matter.  They state that a judicial finding in that matter "called into

24   question" the probable cause for the seizure warrant for this one account, but fail to cite to or provide

25   any opinion that does so. *Id.*, at 3.  Further, Defendants' argument that the transcripts "may" indicate

26

27        [8]Further, even if Defendants' contention were correct, their contention relates to forfeiture
     rather than to the substantive counts of the indictment and, therefore, Defendants have failed to show
     "that a ground may exist to dismiss the indictment because of a matter that occurred before the grand
28   jury."  Fed.R.Crim.P. 6(e)(3)(E)(ii).

                                            - 4 -

1   the United States engage in outrageous conduct warranting dismissal of the indictment is a

2   speculative statement that fails to provide any sort of particularized showing as required.   *See*

3   *Ferreboeuf*, 632 at 835.

4          As to Defendants' request for alternative relief, the Jencks Act has not yet been implicated,

5   as no witness has yet testified at trial.  *See* 18 U.S.C. § 3500.  Therefore, Defendants' request for

6   inspection by the Court is not ripe.[9]  Further, the United States has submitted that no witnesses who

7   testified in the grand jury will testify at trial.  Docket No. 109, at 4.  Therefore, Defendants' request

8   for grand jury transcripts of witnesses is not ripe.[10]

9          Accordingly, based on the foregoing and good cause appearing therefore,

10          IT IS HEREBY ORDERED that Defendants' motion for transcription of grand jury minutes,

11   Docket No. 101, is **DENIED**.

12          DATED this 9th day of September, 2014.

15   _____
    NANCY J. KOPPE
16   United States Magistrate Judge

---

24   [9]Defendants also cite to *Dennis v. United States*, 384 U.S. 855, 868 (1966), and *United States v. Youngblood*, 379 F.2d 365 (2d Cir. 1967) in support of their request; however, in both of those cases, the witnesses at issue testified at trial.

26   [10]In addition to the Jencks Act, Defendants also request the transcripts pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963).  In addition to the body of caselaw and rules binding the United States to produce all exculpatory evidence to Defendants, the United States bound itself, in its disclosure statement, to produce exculpatory evidence.  Docket No. 61, at 2.  The United States represents to the Court that it will comply with its disclosure statement in producing discovery, including grand jury transcripts.  Docket No. 109, at 4.