1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )        Case No. 2:14-cr-00194-APG-NJK
                                 )
vs.                              )        ORDER DENYING MOTION FOR
                                 )        IMMEDIATE PRODUCTION OF
GLEN COBB, et al.,               )        GRAND JURY MINUTES
                                 )
                Defendants.      )        (Docket No. 123)
                                 )
_____)

Pending before the Court is the motion for immediate production of grand jury minutes filed by Defendants Glen Cobb, Charles Cobb, Anna Cobb and Monica Namnard. Docket No. 123. The Court has considered Defendants' motion, the United States' response and Defendants' reply. Docket Nos. 123, 127, 129. For the reasons discussed below, the Court hereby **DENIES** Defendants' motion.

On October 2, 2014, Defendants filed their motion for immediate production of grand jury minutes. Docket No. 123. Defendants ask the Court to order the United States to immediately produce transcripts of all grand jury minutes "to determine whether the Government engaged in conduct warranting dismissal of the Indictment." *Id*., at 2.[1] In support of their request, Defendants discuss an eavesdropping warrant that was issued in New York for the telephone number of a person named Brandt England. *Id*. According to Defendants, law enforcement in New York used this warrant to intercept Mr. England's communications from January 16, 2012 until October 2012. *Id*. Defendants further state that, in June 2014, they were indicted in the District of Nevada for certain

_____

[1]A federal grand jury sitting in Las Vegas, Nevada issued an indictment against Defendants on June 3, 2014. Docket No. 1.

federal offenses and that, prior to presenting its case to the Grand Jury, the United States did not obtain authorization from a judge to use the intercepted communications from New York. *Id.*, at 3. Defendants state, without elaboration, that, "[g]iven the Government's production of evidence thus far in the [instant] case, it appears that the Government used the Intercepted Communications in presenting evidence to the Grand Jury [for] both Counts One and Two of the Indictment." *Id.* Defendants further state that "[i]f that is indeed the case, dismissal of those counts are [sic] are warranted." *Id.*

In response, the United States incorporates its response to Defendants' prior motion for transcription of grand jury minutes. Docket No. 127, at 1.[2] *See* Docket No. 109 (United States' response to Defendant's motion for transcription of grand jury minutes). The United States submits that Defendants have failed to demonstrate a particularized need for the grand jury transcripts, as no evidence of misconduct exists. Docket No. 127, at 2-3. The United States contends that it is entitled to use the telephonic communications in the instant case with no further authorization. *Id.*, at 3. Finally, the United States submits that Defendants have failed to proved factual support for their assertion of misconduct before the grand jury and have, instead, set forth "at best, no more than mere unsubstantiated, speculative assertions of improprieties in the proceedings." *Id.*

In reply, Defendants submit that the caselaw cited by the United States in its response supports their position, as their reason for requesting grand jury transcripts is to "confirm an impropriety that would compel dismissal of the indictment..." Docket No. 129, at 2 (emphasis removed). Defendants also contend that the United States' argument is circular, in that the United States claims that Defendants speculate about the content of the grand jury transcripts and fail to present factual support for their allegation that the transcripts include the use of the New York interceptions; however, Defendant cannot know for certain what was used during the grand jury proceedings without seeing the transcripts. *Id.*, at 3. Finally, Defendants assert, for the first time

---

[2]In that motion, Defendants requested, for a different reason than the one set forth in their instant motion, immediate transcription and production of all grand jury proceedings in the instant case. Docket No. 101. The Court denied Defendants' motion on September 9, 2014, finding that Defendants had not shown a particularized and compelling need for disclosure that would outweigh the general policy of grand jury secrecy. Docket No. 116.

1  in reply, that [a]t a minimum, the Court should conduct an *in camera* review of the transcripts to

2  confirm that the Government used the intercepted communications before the grand jury." *Id*., at

3  4.

4  ### **DISCUSSION**

5      The general rule of secrecy of grand jury proceedings is essential to the purpose of the grand

6  jury process. *United States v. Proctor and Gamble Co.*, 356 U.S. 677, 681 (1958).  The exceptions

7  to the general rule are few, as evidenced by Fed.R.Crim.P 6(e)(3).  Under Rule 6(e)(3)(E), "[t]he

8  court may authorize disclosure ... of a grand jury matter ... at the request of a defendant who shows

9  that a ground may exist to dismiss the indictment because of a matter that occurred before the grand

10  jury." Fed.R.Crim.P. 6(e)(3)(E)(ii).  The party seeking the disclosure must show a particularized and

11  compelling need for the disclosure that outweighs the policy of grand jury secrecy. *In re Grand Jury*

12  *Investigation*, 642 F.2d 1184, 1191 (9th Cir. 1981); *see also Dennis v. United States*, 384 U.S. 855,

13  870 (1996).  Unsubstantiated speculative assertions of improprieties do not supply the particular

14  need required to outweigh the policy of grand jury secrecy. *See, e.g., United States v. Ferreboeuf*,

15  632 F.2d 832, 835 (9th Cir. 1980) (citations omitted).

16      Defendants have not shown a particularized and compelling need for disclosure that would

17  outweigh the general policy of grand jury secrecy.  Defendants' motion is based on their assertion

18  that the United States improperly used the New York interceptions without authorization during the

19  grand jury proceedings. *See* Docket No. 123.  The parties have previously fully briefed the issue of

20  whether the United States was required to obtain additional authorization in order to use the New

21  York interceptions in the instant case.  Docket Nos. 47, 75, 80.  The Court held an evidentiary

22  hearing on a portion of that motion, and entertained oral argument from all parties on the entire

23  motion.  Docket No. 120.  After fully considering the briefing, the evidentiary hearing, and oral

24  argument, the undersigned magistrate judge determined that the United States was not required to

25  obtain additional authorization to use the New York interceptions and recommended denial of

26  Defendants' motion to suppress those communications.  Docket No. 128.

27      Defendants' motion for grand jury transcripts is based solely on their contention that the

28  United States' use of the New York interceptions during the grand jury proceedings without prior

1   authorization was inappropriate.  As the Court has already found that the United States was not

2   required to obtain additional authorization to use the interceptions, however, Defendants have failed

3   to show "that a ground may exist to dismiss the indictment because of a matter that occurred before

4   the grand jury."  Fed.R.Crim.P. 6(e)(3)(E)(ii).

5          Accordingly, based on the foregoing and good cause appearing therefore,

6          IT IS HEREBY ORDERED that Defendants' motion for immediate production of grand jury

7   minutes, Docket No. 123, is **DENIED**.

8          DATED this 29th day of October, 2014.

9

10

11   _____
     NANCY J. KOPPE
12   United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28