**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLENN COBB, CHARLES COBB, ANNA COBB, and MONICA NAMNARD<br><br>Defendants. | Case No. 2:14-cr-00194-APG-NJK<br><br>**ORDER AFFIRMING ORDER OF MAGISTRATE JUDGE, OVERRULING DEFENDANTS' OBJECTIONS, AND DENYING DEFENDANTS' MOTION FOR BILL OF PARTICULARS**<br><br>(Dkt. ## 29, 91, 104) |

The issue here is whether the Government should be ordered to provide a bill of particulars to supplement its original indictment of Defendants Glenn Cobb, Charles Cobb, Anna Cobb, and Monica Namnard. In that original indictment, Glenn Cobb is charged with one count of Conducting an Illegal Gambling Business and he, Charles Cobb, Anna Cobb, and Monica Namnard are all charged with one count of Conspiracy to Structure Transactions to Evade Reporting Requirements.[1] Defendants request a bill of particulars on 19 separate matters. They contend that each request is necessary for them to be able to "(1) be adequately apprised of the nature and scope of the accusations against them; (2) have an opportunity to adequately prepare their defense; (3) avoid prejudicial surprise at trial; (4) clarify the issues and avoid confusion and delay at trial; and (5) be protected against a second prosecution for the same offense."[2]

The Government responds that Defendants' 19 requests amount to being asked "to essentially try the case in advance."[3] It insists that the indictment sufficiently presents the theory of the case against Defendants and provides more information than the law requires about the

---

[1] (Dkt. #1.)
[2] (Dkt. #29 at 4.)
[3] (Dkt. #66 at 4.)

1  conspiracy count. That is, it provides the exact time period of the conspiracy, the location of the
2  acts, and the specific amount of the structured transactions.

3  Magistrate Judge Koppe denied Defendants' motion, concluding that the "language of the
4  indictment is clear, and when read as a whole sufficiently informs Defendants of the charges
5  against them."[4]  Defendants now object, arguing that Magistrate Judge Koppe's ruling on the
6  gambling count "leaves Defendant Glenn Cobb to defend a crazy quilt of general, state regulatory
7  gaming statutes" and that her ruling on the conspiracy count leaves Defendants "to simply guess
8  about the conduct against which they must defend."[5]

9  I have reviewed Magistrate Judge Koppe's Order and conclude that it is not clearly
10 erroneous or contrary to law. The indictment sufficiently informs Defendants to the point where
11 they can prepare their defense, avoid being surprised at trial, and determine whether to plead
12 double jeopardy in any subsequent prosecution. Defendants' motion for a bill of particulars is
13 therefore denied.

14 **LEGAL STANDARDS**

15 **I.     Standard of Review**

16 The standard for review of a magistrate judge's order is "clearly erroneous or contrary to
17 law."[6] I may affirm, reverse, or modify, in whole or in part, the ruling made by the magistrate
18 judge; I also may remand the matter to the magistrate judge with instructions.[7]

19

20 **II.    Bill of Particulars**

21 The purpose of a bill of particulars is (1) "to inform the defendant of the nature of the
22 charge against him with sufficient precision to enable him to prepare for trial," (2) "to avoid or
23 minimize the danger of surprise at the time of trial," and (3) "to enable him to plead his acquittal

---

25 [4] (Dkt. #91 at 4.)

26 [5] (Dkt. #104 at 2.)

27 [6] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1.

28 [7] LR IB 3-1.

2

or conviction in bar of another prosecution for the same offense when the indictment is too vague and indefinite for such purposes."[8]  Whether to compel the Government to provide a bill of particulars is left to my discretion.[9]  My main consideration is whether Defendants "have been advised adequately of the charges through the indictment and all other disclosures made by the government."[10]  This does not mean that Defendants are entitled to know all the evidence the Government intends to produce.[11]  All that is required is that they be sufficiently informed of "the [t]heory of the government's case."[12]  A request for the "'when, where, and how' of every act in furtherance of the conspiracy [is] equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars."[13]

## ANALYSIS

**I.    Count 1: Conducting an Illegal Gambling Business**

Defendants contend that Magistrate Judge Koppe's conclusions regarding count one are contrary to law because the indictment "does not 'sufficiently inform' Defendant Cobb of how, when, and with whom he operated an illegal gambling business."[14]  In their view, the Government needs to do more than identify the six Nevada gaming statutes Cobb is charged with violating; the government also needs to (1) identify which of the 19 prohibited activities under those statutes it will target and (2) name the "five or more persons" with whom Cobb allegedly engaged in these prohibited activities.[15]

---

[8] *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

[9] *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

[10] *Id.* at 1054 (*citing Giese*, 597 F.2d at 1180).

[11] *Giese,* 597 F.2d at 1181.

[12] *Id. (quoting Yeargain v. United States*, 314 F.2d 881, 882 (9th Cir. 1963)*.*

[13] *Id.*

[14] (Dkt. #104 at 13.)

[15] (*Id.*)

3

Magistrate Judge Koppe disagreed, and I do not find it was clearly erroneous or contrary to law for her to do so.  It is true Federal Rule of Criminal Procedure 7(f) was amended "to encourage a more liberal attitude by the courts towards bills of particulars."[16]  And Defendants are right to highlight that explanation in the Advisory Committee's Notes.  But also included in the Advisory Committee's Notes is the insistence that this liberal attitude should not take away "the discretion which courts must have in dealing with []motions [for a bill of particulars] in individual cases."[17]  In fact, the case listed as an "illustration of wise use of this discretion"[18] is one in which a district court decided that the government need not identify "the precise statute which it claims defendant's acts violated."[19]  "Defendant is entitled to the facts," that court concluded, "but not, I believe, to confine the government to any particular statute, as there are several applicable statutes under which it is possible for the facts, if established upon the trial, to constitute a crime."[20]

Similarly, in *United States v. Addonizio*—a case the Defendants also rely on for the principle that courts should take a liberal attitude towards bills of particulars—the Third Circuit made clear that "[t]his liberalization has, out of practical necessity, been limited in some important respects."[21]  One of those respects is that a defendant is not entitled to "a wholesale discovery of the Government's evidence."[22]  The other respect is that a defendant is not entitled "to a list of the Government's prospective witnesses."[23]  This second respect is particularly

---

[16] *See* Fed. R. Crim. Proc. 7 advisory committee's notes.

[17] *Id*.

[18] *Id*.

[19] *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954).

[20] *Id*.

[21] 451 F.2d 49, 64 (3d Cir. 1971).

[22] *Id*.

[23] *Id.*

4

relevant in the present case given Defendants' request that the Government identify the "five or more persons" alleged to be involved in the violations with which Defendant Cobb has been charged.

With these cases in mind, I find that, on Count 1, Magistrate Judge Koppe's denial of Defendants' motion was not clearly erroneous or contrary to law. Rather, it is consistent with the idea that "[t]he defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved."[24]

## II.  Count II: Conspiracy to Structure Transactions to Evade Reporting Requirements

Magistrate Judge Koppe's decision on count two is also consistent with the law. She concluded that "the indictment apprises Defendants of the federal offenses with which they are charged and the overt acts they allegedly committed in furtherance of the conspiracy count."[25] She then noted, quoting the Ninth Circuit in *United States v. Giese*, "To the extent that the indictment . . . itself provides details of the alleged offense, a bill of particulars is, of course, unnecessary."[26]

Defendants argue they are entitled to more. They want the Government to provide, among other things, the names of any unknown co-conspirators, the exact date the alleged conspiracy began, and the specific location where the plan was formed. They contend that without this information, they will be "at a great risk of surprise at trial, which could result in unnecessary delay, expense and prejudice."[27]

The Ninth Circuit denied a similar request for a bill of particulars in *United States v. DiCesare*.[28] There, the defendants requested a bill for three reasons: "(1) to obtain the names of

---

[24] *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981).

[25] (Dkt. #91 at 5.)

[26] (*Id*. quoting *Giese*, 597 F.2d at 1180).

[27] (*Id*.)

[28] 765 F.2d 890, 897 (9th Cir. 1985).

5

any unknown co-conspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other acts that comprised the charged behavior."[29]  The Ninth Circuit held that these reasons "do not warrant a bill of particulars."[30]  The Ninth Circuit has also made clear that a request for the "'when, where, and how' of every act in furtherance of the conspiracy"—which is what Defendants' request seems to be—"[is] equivalent to a request for complete discovery of the government's evidence."[31]  And that is not the purpose of a bill of particulars.[32]  Magistrate Judge Koppe's denial of Defendants' request in this case was not clearly erroneous or contrary to law.  The indictment contains such details as the specific date range in which the alleged conspiracy occurred, the specific casinos and banks at which it was carried out, and the specific amount of money involved.  Magistrate Judge Koppe rightly concluded that this is sufficient.  Defendants' motion for a bill of particulars on Count II is denied.

## CONCLUSION

**IT IS HEREBY ORDERED** that Magistrate Judge Nancy Koppe's Order Denying Motion for a Bill of Particulars (Dkt. #91) is **AFFIRMED,** Defendants' Objection (Dkt. #104) is **OVERRULED**, and Defendants' Motion for a Bill of Particulars (Dkt. #29) is **DENIED**.

Dated: February 9, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[29] *Id.*

[30] *Id.*

[31] *Giese*, 597 F.2d at 1181.

[32] *Id.*