**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GLEN COBB, CHARLES COBB, ANNA COBB, and MONICA NAMNARD,<br><br>Defendants. | Case No. 2:14-CR-00194-APG-NJK<br><br>**ORDER**<br><br>(Dkt. #101, #116, #118) |

Defendants Glen Cobb, Charles Cobb, Anna Cobb, and Monica Namnard were indicted on June 3, 2014. (Dkt. #1.) Glen Cobb is charged in count one with conducting an illegal gambling business. (*Id.*) All Defendants are charged in count two with conspiracy to structure transactions to evade reporting requirements. (*Id.*) The indictment also contains four forfeiture counts. (*Id.*)

Defendants move for production of the transcripts of the grand jury proceedings to determine whether the Government engaged in outrageous conduct warranting dismissal. Defendants contend the Government conceded that it overseized funds from Defendants' trust account, but four days later may have represented to the grand jury that all the funds in the subject account were proceeds of Defendants' alleged illegal activity. Alternatively, Defendants request the grand jury minutes and transcripts be made available at the time of trial to determine Defendants' right of inspection and use under 18 U.S.C. § 3500. Additionally, Defendants request pre-trial production of grand jury transcripts for all witnesses who will testify at trial under the Jencks Act and *Brady v. Maryland*, 373 U.S. 83 (1963).

In response, the Government admits it represented in a related civil proceeding that some of the funds in the trust account that the Government seized were not proceeds of illegal activity. However, the Government contends it amended that statement in a later filing. The Government's position now is that the entire trust account constitutes proceeds of illegal activity.

The Government asserts that invading the grand jury's secrecy is appropriate only if the alleged misconduct would result in dismissal of the indictment. But, according to the Government, Defendants' argument relates only to the forfeiture counts, not to the substantive criminal charges. The Government concedes it must turn over grand jury transcripts for all witnesses who testify at trial under the Jencks Act, but the Government does not anticipate the grand jury witnesses will testify at trial.

Magistrate Judge Nancy Koppe denied Defendants' motion, finding Defendants had not shown a particularized and compelling need for the transcripts that outweighed the general policy of grand jury secrecy. (Dkt. #116.) Magistrate Judge Koppe found that Defendants' argument regarding the Government's concession was not supported by the evidence, which showed that the Government subsequently determined all the funds in the trust account were subject to forfeiture. (*Id.* at 4.) Magistrate Judge Koppe also found Defendants' motion rested on speculation and, in any event, was directed at forfeiture rather than a substantive count of the indictment. (*Id.* at 4 & n.8.) Finally, Magistrate Judge Koppe concluded Defendants' Jencks Act request was premature, because no witnesses had yet testified at trial and the Government has committed to complying with its Jencks Act and *Brady* obligations. (*Id.* at 5 & n.10.)

Defendants object to Magistrate Judge Koppe's ruling, arguing they need show only the possibility of misconduct warranting dismissal but the Magistrate Judge erroneously held them to a higher standard. Defendants also argue the Magistrate Judge Koppe incorrectly concluded the alleged misconduct related only to forfeiture, because the money that is the subject of the forfeiture counts is the same money underlying the substantive counts. Defendants also contend their allegations are not speculative. According to Defendants, the reason they could not provide evidence at the time they filed the motion was because the related civil proceedings were under seal. Finally, Defendants argue Magistrate Judge Koppe failed to consider Defendants' argument that they are entitled to the grand jury transcripts under *Brady*.

/ / / /

/ / / /

**I. Discussion**

I review Magistrate Judge Koppe's order to determine whether it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Grand jury proceedings generally are secret. *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985). However, a court may authorize disclosure of grand jury proceedings if the defendant "shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). To satisfy this burden, the defendant must "demonstrate[] that a particularized need exists that outweighs the policy of grand jury secrecy." *Murray*, 751 F.2d at 1533. "Mere unsubstantiated, speculative assertions of improprieties in the proceedings do not supply the particular need required to outweigh the policy of grand jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (internal quotation marks and citation omitted). Whether to release grand jury materials lies within the court's discretion. *Murray*, 751 F.2d at 1533.

Defendants' argument is based on a filing in a related civil proceeding, case number 2:14-CV-00781-APG-VCF. In that action, the Government stated in a May 28, 2014 filing that "the United States determined that $2,498,851 of the $7,704,426.86, which includes appreciation, is not illegal proceeds. As a result, the Government has informed movants' counsel that it will seek to return $2,498,851 pursuant to an agreement." (2:14-CV-00781-APG-VCF, Dkt. #8 at 11 n.6.) The grand jury issued the indictment in this case a few days later, on June 3, 2014, and the indictment includes over $7 million in the forfeiture allegations. (Dkt. #1 at 4-8.) On June 23, 2014, the Government filed a Notice of Docket Correction in the related civil proceeding stating that subsequent to filing the May 28 document, "the Government determined that those funds do constitute illegal proceeds," and that the grand jury improperly included the funds in the forfeiture allegations in the present case. (2:14-CV-00781-APG-VCF, Dkt. #32.)

Magistrate Judge Koppe's conclusion that the evidence does not support Defendants' motion is not clearly erroneous or contrary to law. Although the Government initially stated that it had overseized funds from the trust account, it subsequently took the position that all the seized

funds were illegal proceeds. Defendants present no evidence that the Government engaged in misconduct before the grand jury as opposed to a reevaluation of its position. In the related proceeding, Defendants recognized that "the Government certainly has a right to reverse its position" on this point. (2:14-CV-00781-APG-VCF, Dkt. #38 at 3.)

Additionally, Magistrate Judge Koppe's conclusion that Defendants' argument is directed at forfeiture rather than the substantive criminal charges is not clearly erroneous or contrary to law. The substantive counts do not specifically refer to the $7 million, and the conspiracy count lists transactions in amounts substantially less than $7 million to support the overt acts. (Dkt. #1.) Defendants present no evidence or argument that the monetary difference in the seized funds would have had any impact on the grand jury's decision to indict on the substantive counts. Defendants have not met their burden of showing a particularized need that outweighs the general policy of grand jury secrecy or that disclosure of the grand jury proceedings would result in dismissal of the indictment. I therefore overrule this objection.

As for Defendants' Jencks Act argument, Defendants present no authority for their request for pre-trial production of Jencks Act material. *See* 18 U.S.C. § 3500(a) (providing that statements of prospective Government witnesses are not subject to "subp[o]ena, discovery, or inspection until said witness has testified on direct examination in the trial of the case"); *see also id.* § 3500(c) (providing for the court to conduct *in camera* inspection of grand jury materials the Government has been ordered to produce). The Government has indicated it will comply with its obligations under the Government's Disclosure Statement, which provides the Government will disclose Jencks Act material five days before trial. (Dkt. #61 at 3.) Magistrate Judge Koppe's conclusion that Defendants' request is premature is neither clearly erroneous nor contrary to law. I overrule this objection.

Finally, Defendants' contention that the Magistrate Judge did not address their *Brady* argument is incorrect. Magistrate Judge Koppe noted that in addition to the legal requirement to produce exculpatory evidence, the Government has represented it will fulfill its obligations in the Disclosure Statement. (Dkt. #116 at 10 n.5; *see also* Dkt. #61 at 2.) Defendants have not

presented any argument or evidence as to why the portion of the order on this point is clearly erroneous or contrary to law.  I therefore overrule this objection.

**II.  Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion for Transcription of Grand Jury Minutes (Dkt. #101) is DENIED.

IT IS FURTHER ORDERED that Defendants' Objections (Dkt. #118) are OVERRULED and the Magistrate Judge's Order (Dkt. #116) is AFFIRMED.

DATED this 9th day of February, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE